FILED

2021 Jan-22  AM 10:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE  UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **DAVID C. SPENCER** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | |
| ) | **Case Action Number:** |
| ) | **CV-2:20CV-02019-SGC** |
| ) | |
| **vs.** ) | |
| ) | |
| **FRANKLIN AMERICAN HOME** ) | |
| **MORTGAGE AND** ) | |
| **CITIZENS BANK, NA  D/B/A** ) | |
| **CITIZENS ONE HOME LOANS** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

_____

### PLAINTIFF'S OPPOSITION AND RESPONSE TO DEFENDANTS' MOTION TO DISMISS

COME NOW the Plaintiff, DAVID C. SPENCER ("SPENCER"), and requests that this Court enter an order denying the Defendants' Motion to Dismiss.[1]   In support of his motion, the Plaintiff shows unto the Court the following:

1.        The Plaintiff, SPENCER, filed this lawsuit against Defendants, FRANKLIN AMERICAN HOME MORTGAGE and CITIZENS BANK, NA D/B/ A CITIZENS ONE HOME LOANS, on November 5, 2020 in the Circuit Court of

_____

[1]  Doc. 5

1

Jefferson County, Alabama.[2]   This case revolves around the transfer and sale of Plaintiff's residential mortgage between the Defendants, Franklin American and Citizens Bank.

2.     The Defendants filed their notice of removal to United States District Court for the Northern District of Alabama on December 16, 2020.[3]  Plaintiff filed a motion to remand the case to state court and specifically does not waive that motion in filing his opposition to Defendants' motion to dismiss.[4]

3.     The Federal Rules of Civil Procedure require only that the complaint provide a "short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[5]  The plaintiff must provide the grounds to his entitlement, but Rule 8 does not require detailed factual allegations.[6]

4.     When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take the complaint as true and view it in the light most favorable to the plaintiff.[7]   The court also considers any exhibits to the complaint.[8]   "'Facial

---

[2]  01-CV-2020-903782, Doc. 2

[3]  Doc. 1.

[4]  Doc. 6.

[5]  Fed. R. Civ. P. 8(a)).

[6]  *Bell Atl. Corp v. Twombly*, 127 S.Ct. 1955 (2007).

[7]  *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321-1322 (11th Cir. 2012).

[8]  *Theater v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352(11th Cir. 2006).

plausibility' exists when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"[9]

5.      Here, the Plaintiff has pled sufficient factual content in his complaint to support all of his claims against the Defendants.

6.      Initially, the Defendants argue with respect to the Plaintiff's claim for breach of contract that "First and foremost, the claim fails because it is not clear what contract is at issue."[10]

7.      Notwithstanding, the information concerning the contract at issue in this case is pled with particularity in paragraph five (5) of Plaintiff's complaint.[11] Moreover, the Plaintiff provided the new loan number it was assigned when it was transferred to the new lender (xxxxx-x90).[12]  When the Plaintiff contacted the new lender about his payment, the new lender's representative admitted that his March 2020 payment had been misapplied.[13]  Citizens' representative identified himself as Preston and advised the Plaintiff his March 2020 payment was returned because

---

[9]  *Bell Atl Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[10]  Doc. 5, page 4, paragraph 2.

[11]  "The Plaintiff, Spencer, obtained home mortgage xxxxxx-x203 from Defendant, Franklin American, in approximately 2015.  All loan payments were timely made during the duration of the loan. In fact, Spencer scheduled all the payments to be paid automatically via online banking on or about the first day of the month." (Plaintiff's complaint, page 2, paragraph 5).

[12]  *Id.*

[13]  Plaintiff's complaint, page 2, paragraph 9.

Citizens "had no idea how to apply it."[14]   Based on ledgers obtained by the Plaintiff, Citizens' representatives incorrectly applied his March 2020 payment to his escrow account and attempted to his him a refund which he never received.[15]

8.    Plaintiff's complaint also indicates that Defendant, Franklin American, lost one of his payments during the transfer of his home loan.[16]   The payment was finally located and deposited three months later on August 4, 2020.[17]

9.    Finally, Plaintiff has, in fact, alleged damages in this complaint concerning his breach of contract claim.    Specifically, Plaintiff pled that he suffered "injuries and damages including but not limited to damage to his credit file, loss of funds, stress, and physical illness."[18]  Furthermore, Defendants' citation to *Cajun Steamer Ventures, LLC v. Thompson* is misplaced.   The Plaintiff in the *Cajun Steamer* case concerned a contract where the breach of the contract had not yet occurred.[19]

10.    Therefore, Plaintiff's complaint contains factual content that allows the court to draw the reasonable inference that the Defendants are liable for breach

---

[14] *Id.*, page 3, paragraph 10.

[15] *Id.*, paragraph 11.

[16] Plaintiff's complaint, page 5, paragraph 22 states that the Defendants "breached those contracts by failing to properly credit, transfer, or sell his home loan after being demanded (by the Plaintiff) to do so."

[17] *Id.*, paragraph 14.

[18] Plaintiff's Complaint, page 5, paragraph 23.

[19] *Cajun Steamer Venture, LLC v. Thompson,* 402 F. Supp. 3d, 1328, 1345 (N.D. Ala. 2019).

of contract.[20]

11.     If, however, the Defendants' argument revolves around the account numbers being partially redacted, the Plaintiff has a duty to comply with PACER's "Redaction Agreement" to redact any account numbers from pleadings filed with the court.[21]   If requested during the discovery process, the Plaintiff is willing to disclose the account numbers or produce whatever documents the Plaintiff possesses confirming the account numbers.

12.     Defendants' argument that Plaintiff's tort claims are preempted by the Fair Credit Reporting Act is also misplaced.[22]   As argued in his motion to remand, the Plaintiff's claims in his complaint assert state court causes of action not "a state federal issue."[23]   Additionally, Defendants have failed to satisfy their burden of showing the existence of substantial federal jurisdiction with respect to any of the Plaintiff's claims.[24]   Thus, the federal court's interests are unlikely to be impacted

---

[20]   With respect to damages, the Plaintiff pled that he suffered "injuries and damages including but not limited to damage to his credit file, loss of funds, stress, and physical illness." (Plaintiff's Complaint, page 5, paragraph 23).   *See also*, paragraph 11, which states that the Plaintiff occurred late fees and damage to his credit report.

[21]   *See*, exhibit "A."  (The notice of redaction responsibility also states that it applies to "all documents, including attachments.)

[22]   Doc. 5, page 6, paragraph 2.

[23]   Doc. 6, page 4.

[24]   *See*, *Adventure Outdoors v. Bloomberg*, 552 F.3d 1290 (11th Cir. 2008); *Langford v. Northpoint Bank, et al.*, 2:19-cv-00953-JHE, Doc. 31, page 2-3.

by any decision of the state court.[25]

13.    Plaintiff's claims for negligence and wantonness are not due to be dismissed as alleged by the Defendants.[26]   Plaintiff has pled sufficient factual content for the court to draw the inference that the Defendants are liable for the misconduct alleged.[27]   Additionally, Plaintiff has pled factual content that allows the court to draw the reasonable inference that the Defendants are liable because their representatives acted with malice or willful intent to injure him.[28]

14.    Plaintiff, a current CFO of a corporation and a former CPA, contacted both Defendants' representatives when a foreclosure notice forwarded to his home address.[29]   The Defendants' representatives admitted to Plaintiff that the Defendants misapplied his payments.[30] Thereafter, with conscious disregard for the consequences, and with malice or willful intent to injure him (and the admission that the payment was misapplied), the Defendants' representatives continued to harass him.[31]   Plaintiff asserts that Citizens' representatives were often hostile and

---

[25] *Id.* at 1301.

[26] Doc. 5, page 8, second paragraph.

[27] *Bell Atl Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[28]  *Nelson v. Lapeyrouse Grain Corp.*, 534 So. 2d 1085, 1091 (Ala. 1988).

[29] *See*, Plaintiff's complaint, page 2, paragraph 7. *See also*, paragraphs 5-19.

[30]  *Id.* at paragraphs nine and ten.

[31]  *Id. See also*, *Myers v. Experian Information Solutions, Inc.*, 3:08-cv-01865-CLS, page 24.

combative with him.[32]   Franklin and Citizens' representatives refused to credit his account after being requested to do so.[33]

15.   Therefore, the Plaintiff has pled sufficient facts to deny Defendants' motion to dismiss the claims of negligence and wantonness.

16.   Again, the Defendants' arguments to dismiss concerning Plaintiff's claim for slander to credit are misplaced.   In this case, the Plaintiff has pled sufficient facts tending to show that the [Defendants] 'willfully' or 'negligently' failed to comply with provisions of the FRCA.[34]

17.   With respect to the Plaintiff's claim for fraudulent misrepresentation, the Defendants' argument overlooks the statements concerning fraudulent misrepresentations in his "Factual Allegations" section.   Citizens representatives continually contacted him about past due balances even though Plaintiff had confirmed that his payments were current and Citizens' representative confirmed to Plaintiff that it had returned his "March payment because Citizens had no idea how to apply it."[35]   Plaintiff's claim for fraudulent misrepresentation dovetails with this information by asserting under Count IV that the "Defendants', Franklin American and Citizens, representatives fraudulent advised the Plaintiff that he was past due

---

[32]  *Id.* at paragraph 13.

[33]  *Id.* at paragraphs 25-26.

[34]  *See*, Plaintiff's complaint, page 3, paragraph 13, 9, and 10.

[35]  *Id*. at paragraph 9 and 10.

on his home loan payments even though the Defendants' representatives possessed evidence of the payment made through the Plaintiff's bank statements.[36] Moreover, the Defendants' representative refused to repair the damage done to the Plaintiff's credit or properly credit the Plaintiff's account after being requested to do so by the Plaintiff and his attorney.[37]   The damages to the Plaintiff included stress, affected his relationships, and ability to work.[38]

18.    Again with respect to the Plaintiff's claim for fraud, the Defendants overlook the statements in Plaintiff's "Factual Allegation" section of his complaint. The Defendants argue that the Plaintiff does not provide the identity of the individual at the phone bank that the Plaintiff contacted.[39]   However, the Plaintiff's complaint provides the name of the individual he spoke with as "Preston" and he provides the substance of that conversation.[40]   Therefore, Defendants' assertions concerning the particular facts of the fraud is incorrect.

19.    Defendants' claim that the Plaintiff failed to state a claim for negligent or wanton training, supervision and retention is also misplaced.[41]   The Plaintiff is not required at this stage to provide the specific provisions of manuals which were

---

[36] *Id.* at paragraph 34.

[37] *Id*. at paragraph 19.

[38] *Id*. at paragraph 18.

[39] Doc. 5, page 16, paragraph 2.

[40] *Id*. at paragraph 9 and 10.

[41] Doc. 5, page 17.

not followed.[42]   In fact, the discovery process in this case has not begun.   The Plaintiff has provided "fair notice" of the claim and is not required to provide detailed factual allegations.[43]

20.     The Defendants' request that the Court dismiss Plaintiff's claim under the Consumer Credit Protection Act and argue that the Defendants cannot tell which of the 92 sections they breached.[44]   However, Plaintiff's complaint clearly centers around (1) properly crediting his mortgage when payments were made and (2) inaccurately reporting that he was not making payments to the credit bureaus.[45] Therefore, it is disingenuous of the Defendants to assert that they do not have "fair notice" of potential claims under federal law.

21.     The Defendants' request the Court to dismiss Plaintiff's claims for intentional infliction of emotional distress.[46] Notwithstanding, Plaintiff has pled that he suffered stress due to the Defendants' hostile and combative nature which affected his personal relationships and ability to work.[47]   Therefore, Plaintiff has sufficiently pled facts which the Court may infer the Defendants' extreme and outrageous conduct.

---

[42] *Supra,* paragraphs 3 and 4.

[43] *Id*. *See also*, Rule 8 of the Federal Rules of Ciivl Procedure.

[44] *Id.* at page 18-19.

[45] Plaintiff's complaint, pages 2-4, paragraphs 9-19.

[46] Doc. 5, page 19.

[47] Plaintiff's complaint, pages 3-4, paragraphs 13-18.

22.     Finally, the Plaintiff's request that the Court dismiss Plaintiff's count for injunctive relief.[48]   However, the All Writs Act provides that federal courts "may issue all writs necessary or appropriate in aide of their respective jurisdictions and agreeable to the usages and principals of law."[49] In the All Writs Act, Congress codified 'the long recognized power of the courts of equity to effectuate their decrees by injunctions or writs of assistance.[50] Thus, the Court may utilize its broad power under state law or federal law to enter an injunction to correct some of the damage resulting from the Defendants' conduct.

23.     Therefore, Plaintiff respectfully requests that this Court enter an order denying in its entirety the Defendants' motion to dismiss the Plaintiff's claims in this case.



OF COUNSEL:
The Sears Firm, P.C.
*The Sears Building*
5809 Feldspar Way, Suite 200
Birmingham AL 35244
(205) 989-1709; Fax (866) 754-9453
ssears@me.com
searsandsearslaw.com

---

[48] Doc. 5, pages 20-21.

[49] *Burr & Forman v. Blair*, 470 F.3d 1019, 1026 (11th Cir. 2006).

[50] *Id*.

## **<u>CERTIFICATE OF SERVICE</u>**

      This certifies that I have on this the __22nd__ day of January 2021 served a copy of the Plaintiff's Opposition and Response to Defendants' Motion to Dismiss by electronic filing to all attorneys of record on the Court's CMECF system and by U.S. mail to any parties pro-se.



SHANE T. SEARCY   [SEA026]

11