FILED

2021 Jan-29  AM 09:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

DAVID C. SPENCER,

     Plaintiff,

v.

FRANKLIN AMERICAN HOME
MORTGAGE and CITIZENS BANK,
N.A. D/B/A CITIZENS ONE HOME
LOANS,

     Defendants.

Case No. 2:20-cv-02019-SGC

## DEFENDANTS' REPLY TO RESPONSE TO MOTION TO DISMISS

COME NOW, Citizens Bank, N.A. d/b/a Citizens One Home Loans ("Citizens") and FAMC Subsidiary Company[1] ("FAMC" and together with Citizens, the "Defendants"), and file this Reply to the Plaintiff's Response to their Motion to Dismiss [Doc. 11] (the "Response"), respectfully showing this Honorable Court as follows:

## ARGUMENT AND CITATION OF AUTHORITY

## A. THE PLAINTIFF HAS FAILED TO STATE A BREACH OF CONTRACT CLAIM

---

[1] The Plaintiff incorrectly names FAMC as Franklin American Home Mortgage. FAMC was formerly known as Franklin American Mortgage Company but changed its name in 2018.

The Defendants argued, in part, that the breach of contract claim fails because the Plaintiff "fail[ed] to cite any contractual provision whatsoever" to support the claim. *See* [Doc. 5] at 5 (citations omitted). It was further argued that the Plaintiff only pleaded conclusory allegations of damages. *Id.* In response, the Plaintiff simply restates the allegations he made regarding a contract in his Complaint – that he "obtained a home mortgage xxxxxxx-x203 from Defendant, Franklin American, in approximately 2015" and adds that he "was provided the new loan number it was assigned when it was transferred to the new lender."  [Doc. 11] at p. 3.  A loan number is not a contract. While a loan number does usually mean there is an underlying contract, this is not a matter of semantics in this case. Defendants are unable to determine which contract(s) are the basis for the claim. With respect to damages, the Plaintiff doubled down on his conclusory allegations that he suffered "injuries and damages including but not limited to damage to his credit file, loss of funds, stress, and physical illness." *Id.* at p. 4. These are not facts, just conclusions. The Plaintiff has failed to state a claim for breach of contract.

## B.    THE TORT CLAIMS ARE PREEMPTED BY THE FCRA

Defendants argued the claims other than Count I for breach of contract, Count VII for violation of the Consumer Credit Protection Act and Count IX for injunction are tort claims that are all based on alleged inaccurate credit reporting to credit agencies, and these claims are preempted by the Fair Credit Reporting Act (the

"FRCA"). In response to this argument, the Plaintiff states that his "claims in his complaint assert state court causes of action not a 'state federal issue.'" This is nonsensical and the Plaintiff does not explain what a "state federal issue" is. Defendants reassert their argument that the tort claims in this case are preempted under the FRCA for the reasons stated in the Motion to Dismiss.

## C.    THERE IS NO CLAIM FOR NEGLIGENCE OR WANTONNESS

With respect to negligence and wantonness, Plaintiff failed to respond at all to the fact that "Alabama law does not recognize a cause of action for negligent or wanton mortgage servicing." *Prickett v. BAC Home Loans*, 946 F. Supp. 2d 1236, 1244 (N.D. Ala. 201).  Instead, in the Response, Plaintiff simply said that

> the Defendants' representatives admitted to Plaintiff that Defendants misapplied his payments.  Thereafter, with conscious disregard for the consequences, and with malic or willful intent to injury him (and the admission that the payment was misapplied), the Defendants'' representatives continued to harass him.  Plaintiff asserts that Citizens' representatives were often hostile and combative with him.  Franklin and Citizens' representatives refused to credit his account after being requested to do so.

[Doc. 11] at p. 6. Inherent in this allegation is Plaintiff's contention that Defendants owed Plaintiff a duty to act reasonably in servicing his mortgage. These duties and breaches alleged by Plaintiffs clearly would not exist but for a contractual relationship between the parties. Because all the duties Plaintiff contends the Defendants breached are based on unspecified contractual agreements between the

parties, Plaintiff's claims for negligence and wantonness are not legally cognizable under Alabama law, and Count II should be dismissed from this action.

The Complaint also fails to provide sufficient facts to show that the Defendants acted consciously or with conscious disregard for the consequences of improperly servicing the loan. Therefore, the Plaintiff has also failed to state a sufficient claim for wantonness, and this count is due to be dismissed.

## D.    THE PLAINTIFF HAS FAILED TO SHOW SLANDER OF CREDIT

With respect to slander of credit, the Plaintiff does not respond other than stating that "Plaintiff has pled sufficient facts tending to show that the [Defendants] 'willfully' or 'negligently' failed to comply with the provisions of the FRCA". [Doc. 11] at p. 7.   As explained in the Motion to Dismiss, there are no facts alleged showing: (1) the Plaintiff sent notice of a dispute to a credit reporting agency and that Citizens or FAMC received notice of that dispute; (2) Citizens or FAMC negligently or willfully failed to comply with the FCRA; or (3) the Plaintiff suffered any damages. Thus, the Plaintiff has failed to state a claim for slander of credit under the FCRA.

## E.    THE FRAUDULENT MISREPRESNETATION AND FRAUD CLAIMS FAIL

With respect to Plaintiff's claim for fraudulent misrepresentation, in the Motion to Dismiss, Defendants argued this claim should be dismissed for four reasons. [Doc. 5] at pp. 6-8, 12-15.  First, this claim is preempted by the FCRA.

Second, the Plaintiff has failed to satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  Third, Plaintiff has not plead his reasonable reliance on the alleged misrepresentation.  Fourth, the Plaintiff has not made any allegations of damages.

In the Response regarding fraudulent misrepresentations, Plaintiff says:

1. Citizens representatives continually contacted him about past due balances even though Plaintiff had confirmed that his payments were current;

2. Citizens' representative confirmed to Plaintiff that it had returned his 'March payment because Citizens had no idea how to apply it';

3. Defendants', Franklin American and Citizens, representative fraudulent [sic] advised the Plaintiff that he was past due on his home loan payments even though the Defendants' representatives possessed evidence of the payment made through the Plaintiff's bank statements; and,

4. Defendants' representative refused to repair the damage done to the Plaintiff's credit or properly credit the Plaintiff's account after being requested to do so by the Plaintiff and his attorney.

[Doc. 11] at p. 7.  Plaintiff further alleges, "damages to the Plaintiff included stress, affected his relationships, and ability to work."  *Id*.

These allegations do not meet the pleading requirements Rule 9(b) of the Federal Rules of Civil Procedure, which provides that for a claim "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *Ziemba v. Cascade Int'l Inc*., 256 F.3d 1194, 1202 (11th Cir. 2001).  While the Complaint and Response do reference one statement

5

allegedly made by a Citizens' employee named Preston with respect to the March payment [Complaint, ¶ 10; Response, ¶ 18], there are no details at all with respect to the vague allegations of "continual contact about past due payments" or Plaintiff's alleged requests regarding his credit reporting or the Defendants' responses thereto. Further, no FAMC employee is identified in any filing by the Plaintiff, and no specific conversations with FAMC are alleged.

Like the Complaint, the Response is silent regarding any reasonable reliance by Plaintiff on any alleged misrepresentations, and the Response also contains no list of compensatory damages. Thus, the Plaintiff has failed to state a claim for fraudulent misrepresentation and the claim should be dismissed.

As with fraudulent misrepresentation, fraud also requires heighted pleadings under both federal law and Alabama law.  With respect to fraud, Plaintiff again simply points to the one conversation with Preston at Citizens, who allegedly told Plaintiff that the March payment was returned to him. [Doc. 1-1] at pp. 4-5, ¶¶ 9-10; [Doc. 11] at p. 8. As further explained in the Motion to Dismiss, this alleged statement does not involve a "false representation," only an act Plaintiffs disagree with. This is simply an alleged concession by the Defendants that a payment was misapplied and does not give fair notice to the Defendants of any alleged fraud. Further, the Plaintiff still has not even alleged that the statements misled him in any way, which is required for a claim for fraud. *See Ziemba*, 256 F.3d at 1202.

6

Like the Complaint, the Response fails to allege what the Defendants stood to gain from giving this allegedly false information or list any compensatory damages. There are no allegations of fact to suggest that the alleged statements occurred in the context of trying to persuade Plaintiff to take or refrain from any particular action. For these reasons the fraud claim should be dismissed.

## F. THE NEGLIGENT OR WANTON SUPERVISION CLAIM FAILS

With respect to Plaintiff's negligent or wanton supervision claim, Plaintiff states in his Response that he "is not required at this stage to provide the specific provisions of manuals which were not followed". [Doc. 11] at pp. 8-9. The Defendants did not mention any manuals in the Motion to Dismiss.  As described *supra* and further in the Motion to Dismiss, all of Plaintiff's tort claims are preempted by the FCRA. Therefore, no tort is recognized under Alabama law based on the facts at hand. Furthermore, in order to recover on the negligent supervision claim, Plaintiff must show that the Defendants actually knew of, or should have discovered in the exercise of due diligence, the claimed unfitness of their employees which allegedly resulted in harm to Plaintiffs. *Goodreau v. US Bank Tr. Nat'l Ass'n*, No. 2:19-CV-0269-JEO, 2019 WL 2601543, at *8 (N.D. Ala. June 25, 2019).  In the case at hand, other than a conclusory recitation of this element of the claim, there are no factual allegations in the Complaint from which it can be plausibly inferred that the Defendants had actual notice of the alleged shortcomings of its employees'

7

actions. The mere conclusory statement that the Defendants acted negligently and wantonly is insufficient to state a claim for negligent and wanton supervision, and therefore Count VI should be dismissed.

## G.    THE CCPA CLAIM FAILS AS A MATTER OF LAW

With respect to the Plaintiff's claim titled "Consumer Credit Protection Act" (CCPA), the Plaintiff argues, "Plaintiff's complaint clearly centers around (1) properly crediting his mortgage when payments were made and (2) inaccurately reporting that he was not making payments to the credit bureaus." [Doc. 11] at p. 9. As further explained in the Motion to Dismiss, there is no way for Defendants to tell which of the 92 sections Plaintiff cited the Plaintiff is claiming the Defendants allegedly breached or what conduct allegedly resulted in the breach. The CCPA itself is comprised of several federal acts, including the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* In fact, it is far more than 92 sections of the CCPA that the Plaintiff seems to claim was violated, as he says that the Defendants "were in violation of federal law *including but not limited to* the Consumer Credit Protection Act . . . ." The Plaintiff has failed to state a claim under the CCPA and the claim must be dismissed.

## H.    THE IIED CLAIM FAILS AND MUST BE DISMISSED

With respect to Plaintiff's claim for intentional infliction of emotional distress, the Response, like the Complaint, fails to even allege severe emotional

distress, which is a required element of this claim under Alabama law. *Costine v. BAC Home Loans*, 946 F. Supp. 2d 1224, 1235-36 (N.D. Ala. 2013) (*quoting Green Tree Acceptance, Inc. v. Standridge*, 565 So.2d 38, 44 (Ala. 1990)).  The Response is also silent as to the fact that under Alabama law, the tort of outrage is "so limited that this Court has recognized it in regard to only three kinds of conduct: (1) wrongful conduct in the family-burial context; (2) barbaric methods employed to coerce an insurance settlement; and (3) egregious sexual harassment." *Id*. (*quoting Little v. Robinson*, 72 So.3d 1168, 1172 (Ala.2011)).  The Response is also silent regarding the fact that several federal courts have dismissed outrage claims based on similar allegations of mortgage servicing deficiencies. *See, e.g., Jackson v. Countrywide Home Loans, Inc*., 2012 WL 777180, at *8 (M.D. Ala. Mar. 7, 2012). For these reasons, Plaintiff's outrage claim is due to be dismissed.

## I.     THE PLAINTIFF CANNOT OBTAIN INJUNCTIVE RELIEF

With respect to injunctive relief, the Plaintiff still does not specify what injunctive relief he is seeking, but he does add that injunctive relief is allowable under the All Writs Act.  Response, ¶ 22.  In the Complaint, the Plaintiff asked for injunctive relief under the Alabama Deceptive Trade Practices Act, the FCRA, and Alabama common law. For the reasons set forth in the Motion to Dismiss, this is still not a proper count, and the inclusion of the All Writs Act does not change that.  The All Writs Act allows federal courts to issue writes that are "agreeable to the usages

9

and principles of law." 28 U.S.C. § 1651. Since the Plaintiff's request for injunctive relief fails to state any valid claim, there can be injunction issued that would comply with this requirement.

## CONCLUSION

Based on the foregoing, the Defendants respectfully request that this Court grant their Motion to Dismiss.

Respectfully submitted, this 29th day of January 2021.

/s/ Amanda M. Beckett
AMANDA M. BECKETT
Alabama Bar No. ASB-1884-N75B
RUBIN LUBLIN, LLC
428 N. Lamar Blvd., Suite 107
Oxford, Mississippi 38655
(601) 398-0153 (Telephone)
(470) 508-9203 (Facsimile)
abeckett@rlselaw.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 29th day of January 2021, filed the within and foregoing by CM/ECF, which will serve notice on all parties.

/s/ Amanda M. Beckett
AMANDA M. BECKETT
Alabama Bar No. ASB-1884-N75B