# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **DAVID C. SPENCER**           ) | |
| )  | |
| **Plaintiff,**                 ) | |
| )  | **Case Action Number:** |
| )  | **CV-2:20CV-02019-SGC** |
| )  | |
| vs.                            ) | |
| )  | |
| **FRANKLIN AMERICAN HOME**     ) | |
| **MORTGAGE AND**               ) | |
| **CITIZENS BANK, NA D/B/A**    ) | |
| **CITIZENS ONE HOME LOANS**    ) | |
| )  | |
| **Defendants.**                ) | |

## REPORT OF PARTIES' PLANNING MEETING

1.  **Parties**: Pursuant to Rule 26, a telephonic meeting was held on February 3, 2021 and was attended by Shane Sears, counsel for Plaintiff David C. Spencer ("Plaintiff") and Amanda Beckett, counsel for Defendants Franklin American Home Mortgage ("Franklin American") and Citizens Bank, N.A. d/b/a Citizens One Home Loans and FAMC Subsidiary Company ("Citizens"). The purpose of the meeting was to prepare the Parties' proposed discovery plan. The information reported below is the product of the Parties' meeting.

1

2.      **Nature of the case**: On November 5, 2020, Plaintiff filed his Complaint in the action entitled *David C. Spencer v. Franklin American and Citizens Bank,* Case No. CV-2020-903782 in the Circuit Court of Jefferson County, Alabama, Birmingham Division. Defendants removed the case to this Court on December 16, 2020. (Doc. 1).   Plaintiff filed a motion to remand on January 4, 2021.  Plaintiff's Complaint alleges nine (9) causes of action related to the handling of Plaintiff's home mortgage.  Plaintiff claims that the Defendants' alleged acts and/or omissions violated both state and federal banking laws. The Defendants deny any and all wrongdoing on their part, and disclaim any liability for their actions and/or omissions with regard to the Plaintiff and to the alleged loan.

3.      **Initial Disclosures**: The Parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by **February 16, 2021**, and will supplement, where applicable, as soon as practicable thereafter.

4.      **Electronically Stored Information ("ESI")**: The Parties agree to take such action as is necessary to preserve any electronically stored information related to claims that may be discoverable and maintained by the Parties in an electronic format. Disclosure or discovery of any such information will be managed in accordance with the Federal Rules of Civil Procedure. Discovery of electronically stored information should be handled as follows: All documents will be produced in jpg, single-page tiff load files

or other formats, suitable for being downloaded into Relativity, Concordance, Summation, Xact Data or other document management systems to be specified by counsel. If native information reveals additional relevant information, the parties may request production of the native version of a limited number of documents by identifying the document by bates number. In the event of inadvertent disclosure of documents containing attorney-client privileged and/or attorney work product information, the Parties agree that upon notification they shall promptly return such documents to the disclosing party, they shall not retain any copies thereof, and they shall otherwise comply with the limitations imposed by Rule 26(b)(5)(B). The Parties agree that inclusion of any inadvertently produced document or information in a production shall not result in the waiver of any privilege or protection associated with such document nor result in a subject matter waiver of any kind. A producing party may demand the return of any inadvertently produced document, which demand shall be made to the receiving party's counsel in writing within **5** business days of discovering the inadvertent disclosure, and shall include a privilege log for such inadvertently produced document that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege for the inadvertently produced document. In the event that any portion of the inadvertently produced document does not contain privileged

information, the producing party shall also provide a redacted copy of the inadvertently produced document that omits the information that the producing party believes is subject to the claim of privilege. Upon receipt of a written demand for return of an inadvertently produced document, the receiving party shall promptly return the inadvertently produced document (and any copies thereof) to the producing party and shall promptly delete all electronic versions of the document. The receiving party shall also seek to secure the return of any inadvertently produced document from any third-party to whom it was delivered and request that such third-party also delete all electronic versions of the document. The receiving party may object to the producing party's designation of an inadvertently produced document by providing written notice of such objection within five (5) business days of its receipt of a written demand for the return of an inadvertently produced document.  Any such objection shall be resolved by the Court after an *in camera* review of the inadvertently produced document.  Pending resolution of the matter by the Court, the parties shall not use or distribute any documents that are claimed to be inadvertently produced documents in the litigation or otherwise.  The parties reserve the right to ask the Court to enter a stipulated Protective Order pursuant to Rule 502, F.R.E., as contemplated by Rule 26(f)(3)(D).

5. **Preservation of Discoverable Information**: The Parties are taking appropriate measures to preserve their respective records relating to this case and discoverable information, and the Parties are not aware of, and do not anticipate any, issues concerning the preservation of discoverable information.

6. **Interest in Mediation**: The Parties are open to mediation of this case, but would prefer to engage in some measure of discovery in order to test the sufficiency of the claims and defenses prior to requesting a mediation order.

7. **Discovery Plan**: The Parties jointly propose to the Court the following discovery plan:

   a. Discovery will be needed on all claims and defenses as set forth in the Parties' pleadings.

   b. All discovery will be commenced in time to be completed by **September 17, 2021**. The Parties anticipate multiple depositions in this matter and the exchange of many documents.

   c. **Limitations on Interrogatories**: Maximum of **30** interrogatories (including discrete subparts) by each Party to any other Party. Responses due **30** days after service, unless otherwise agreed by the Parties.

   d. **Limitations on Requests for Production**: Maximum of **30** requests for production (include discrete subparts) to any other Party. Responses due **30** days after service, unless otherwise agreed by the Parties.

e. **Limitations on Requests for Admission**: Maximum of **30** requests for admission by each Party to any other Party, with responses due **30** days after service, unless otherwise agreed by the Parties.

f. **Limitations on Depositions**: The Parties anticipate that at least **6** depositions will need to be taken, but not to exceed **5** depositions by any Party, unless otherwise agreed by the Parties. Each deposition is limited to a maximum of **7** hours, unless otherwise agreed by the Parties or upon the Order of the Court.

g. **Expert Disclosures**: Each Party will disclose their intention to use an expert to every other Party as soon as that decision is made, and Rule 26(a)(2) expert reports are due **December 10, 2021**. If rebuttal experts are required based upon a submitted expert report, Parties have until **February 11, 2022** to disclose such an expert and to submit that expert's report.

8. **Parties and Pleadings**: Plaintiff is allowed until **April 1, 2022**, to join additional parties and to amend the pleadings. Defendants are allowed until **March 6, 2022** to join additional parties and amend the pleadings.

9. **Dispositive and Non-dispositive Motions**: All potentially dispositive motions should be filed by **October 28, 2021**. As with all deadlines contained in this Report, this deadline is subject to any order of this Court.

10. **Final lists of witnesses and exhibits** under Fed. R. Civ. P. 26(a)(3) and lists of deposition designations for trial testimony must be served and

filed **30** days before trial. The Parties shall have **7** days after service of final lists of witnesses and exhibits to file objections under Fed. R. Civ. P. 26(a)(3).

11.  **Additional Conferences**: A Final Pretrial Conference is requested **at least 7 days prior to the trial date**.

12.  **Trial**: The case should be ready for trial by **March 2022**. At this time, the parties believe the trial will take approximately **3** days.

DATED this **5th** day of February, 2021.

        /s/ Shane T. Sears
        Shane T. Sears
        **Attorney for David C. Spencer**

**OF COUNSEL:**
**THE SEARS FIRM, P.C.**
The Sears Building
5809 Feldspar Way, Suite 200
Birmingham, AL 35244
ssears@me.com

/s/ Amanda M. Beckett
Amanda M. Beckett
**Attorney for Franklin American and Citizens Bank, N.A. d/b/a Citizens One Home Loans and FAMC Subsidiary Company**

**OF COUNSEL:**
**Rubin Lublin, LLC**
428 North Lamar Blvd, Suite 107
Oxford, MS 38655
abeckett@rlselaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2021, I filed a copy of the forgoing with the Clerk of Court via the CM/ECF electronically filing system.

/s/ Shane T. Sears
OF COUNSEL